UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES ANTHONY DAVIS,

    Plaintiff,

v.

THE STATE OF NEVADA *et al.*,

    Defendants.

Case No. 2:22-cv-01796-RFB-DJA

**ORDER**

Before the Court are three motions: Plaintiff's motion and application for leave to proceed in forma pauperis (ECF No. 4); Plaintiff's motion for a preliminary injunction (ECF No. 5), and Plaintiff's motion for appointment of counsel (ECF No. 6). For the reasons stated below, Plaintiff's application to proceed in forma pauperis is deferred, Plaintiff's motion for a preliminary injunction is denied without prejudice, and Plaintiff's motion for appointment of counsel is granted.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On October 26, 2022, Plaintiff commenced this case by filing a motion and application to proceed in forma pauperis, to which he attached his complaint. ECF No. 1-1. On October 27, 2022, the Court denied Plaintiff's application and motion and directed him to comply with the requirements of 28 U.S.C. § 1915(a)(1)-(2). ECF No. 3. On November 22, 2022, Plaintiff filed a second motion and application to proceed in forma pauperis. ECF No. 4. On December 2, 2022, Plaintiff filed a motion for a preliminary injunction. ECF No. 5. Finally, on December 6, 2022, Plaintiff filed a motion for appointment of counsel. ECF No. 6.

Plaintiff sues multiple defendants for events that took place while he was incarcerated at High Desert State Prison ("HDSP"). ECF No. 1-1 at 1-5. Plaintiff sues the State of Nevada, the

NDOC, Associate Warden Julie Williams, Sgt. T. Moore, Naphcare, Nurse Toni, Warden Calvin Johnson, Director Charles Daniels, "Medical Personnel," Jane Doe Director of Nursing, Jane Doe Charge Nurses, and Jane Doe Medical Director. Id. Plaintiff brings six claims and seeks monetary, declaratory, and injunctive relief. Id. Plaintiff alleges that, because of Defendants' denial of post-surgery medical care, he has suffered for over a year from "blood shooting out [of] his stoma, blood clots, real bad infections around the stoma, swelling around the stoma, real bad sharp pains in [his] stomach," blood in his urine, and "real bad pains" in his groin. ECF No. 1-1 at 22. These symptoms are allegedly ongoing, and Plaintiff claims that unless he receives appropriate treatment, he "will never be able to walk or lift anything or move a certain way." Id. at 23.

## II.   PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved . . . . Neither of these considerations is dispositive and instead must be viewed together." Id.

Here, the Court finds exceptional circumstance warranting appointment of counsel. First, Plaintiff' complaint, while long, is written in a manner that suggests he may not be physically or mentally able to represent himself adequately. Plaintiff further self-identifies as a "sick old man" and, in his motion for appointment of counsel, Plaintiff states that "since at least early adolescence, [he] has suffered from the combined impact of both cognitive impairments and mental health issues," noting that his IQ is severely below average. ECF No. 6 at 4. He states his first hospitalization in a psychiatric hospital occurred when he was fourteen. Plaintiff states that he suffers from the following mental health conditions: "severe major depressive disorder, with multiple suicide attempts, unspecified neurocognitive disorder, anxiety disorder, and post-

traumatic stress disorder (PTSD) along with an insomnia disorder associated with the PTSD." ECF No. 6 at 3.

Second, Plaintiff is living with many physical infirmities. Plaintiff underwent surgery on his prostate and intestine and alleges he himself is changing his own colostomy bags and using soap, toilet tissue, and water to keep his stoma from getting infected.

Third, as to Plaintiff's likelihood of success on the merits, Plaintiff's complaint alleges that HSDP officials were aware of his illness, repeatedly prevented access to care such that his outside medical provider had to terminate the doctor-patient relationship, and did not replace the outside provider or increase access to doctors within the facility. Finally, the Court notes that Plaintiff is currently represented by the Federal Public Defender's Office ("FPD") in a separate suit for habeas corpus relief, Case No. 1:15-cv-01574-RFB-NJK. Plaintiff's habeas counsel has stated in writing that she is willing and able to represent Plaintiff in the instant civil rights case and has already requested his medical file. See Letter from Amelia L Bizzaro, AFPD, ECF No. 6 at 11.

The Court therefore finds it appropriate, under the specific circumstances of this case, to appoint counsel to represent Plaintiff.

### III.    CONCLUSION

For these reasons, IT IS SO ORDERED that Plaintiff's motion and application for leave to proceed in forma pauperis (ECF No. 4) is DEFERRED.

IT IS FURTHER ORDERED that Plaintiff's motion for a preliminary injunction (ECF No. 5) is DENIED without prejudice as to refiling.

IT IS FURTHER ORDERED that and Plaintiff's motion for appointment of counsel (ECF No. 6) is granted. The Court APPOINTS the Federal Public Defender to represent Plaintiff in this matter. The Court INSTRUCTS the clerk's office to add the Federal Public Defender's Office to the service list in this matter, and further, to separately serve this order on the Federal Public Defender's Office so that representation may begin immediately.

/

/

/

IT IS FURTHER ORDERED Plaintiff's counsel will have 60 days from the date of this order to file an amended complaint in this matter, and, if necessary, file an amended application for leave to proceed in forma pauperis.

**DATED:** January 12, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**