Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
*Ryan Norwood
Assistant Federal Public Defender
Pennsylvania Bar #332919
411 E. Bonneville Ave., Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Ryan_Norwood@fd.org
*Amelia Bizzaro
Assistant Federal Public Defender
Wisconsin State Bar No. 1045709
411 E. Bonneville Ave., Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Amelia_Bizzaro@fd.org
*Attorneys for Petitioner James Davis

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

James Anthony Davis,

     Plaintiff,

     v.

Michael Minev, *et al.,*

     Defendants.

Case No. 2:22-cv-01796-RFB-DJA

**Eleventh Stipulation for Revised Scheduling Order**

Pursuant to FRCP 16(b)(4) and Local Rule 26-2, the parties stipulate and agree to modify/extend the Scheduling Order (ECF No. 90) and respectfully request the Court approve the proposed schedule, set forth herein. This is the eleventh stipulation for the extension of these deadlines. This request is submitted at least twenty-one (21) days or more before the close of discovery (March 2, 2026) is made in good faith, and is supported by good cause.

## STATEMENT OF FACTS IN SUPPORT OF STIPULATION

On May 8, 2024, the Court approved the parties' stipulation for a discovery schedule. Shortly thereafter, Plaintiff's counsel diligently began discovery, making an initial disclosure and serving a request for production (RFP) on May 17, 2024 for a number of documents from NDOC, including Mr. Davis's medical records.

As previously noted, the discovery production in this case is particularly large, so far encompassing over 3,000 pages of documents. Plaintiff's counsel, after agreeing to an extension of the production deadline sought by Defendants, did not receive an initial disclosure until June 21, and received subsequent disclosures on July 1, July 11, and August 1, 2024. Plaintiff's counsel has required significant time to organize and review these records, so that he can determine what other discovery is needed to fully develop the claims in this case. Counsel's preparations have been complicated by the fact that Mr. Davis has been brought back into the Nevada Department of Corrections because of an alleged parole violation, which has complicated attorney-client communications and raises additional concerns about his medical care. Mr. Davis has filed requests for injunctive relief (ECF 66, 67) which the Court heard on April 8, 2025 and at a follow-up hearing on June 17. These circumstances have justified prior stipulations to extend the discovery periods.

Nonetheless the parties have proceeded with discovery. Plaintiff's counsel had conducted a Rule 30(b)(6) deposition on November 15, 2024. Mr. Davis has also continued to receive medical records for Mr. Davis. The parties completed a deposition of Defendant Symour Omandac on June 5, 2025, Mr. Davis noticed an expert witness, and had noticed depositions of Defendants Cabrera, Agustin, and Landsman at a time mutually agreeable to the parties. The deposition of Defendant Agustin was conducted on October 6, 2026.

Since the last extension was sought, the parties conducted the deposition of Defendant Landsman on January 13, 2026.

As noted in prior extension requests, Mr. Davis is still awaiting the production of additional medical records, which were discovered to be missing from prior productions in preparation for the October 2025 deposition of Defendant Agustin. As noted previously, the parties have agreed that additional discovery may be necessary after these records are received. Mr. Davis also believes it important to have these records prior to the remaining planned deposition of Defendant Cabrera.

Since October 2025, Mr. Davis has made multiple requests for these records, including a recent letter to Defendants' counsel. Defendants' counsel have represented they have not yet been able to obtain them. It does not appear likely that the records will be obtained and the additional discovery completed before this deadline.

Given that Defendants' counsel represents good faith efforts to obtain the missing records are still underway, Mr. Davis has agreed with Defendants that a short extension of the discovery completion deadline is appropriate at this juncture. Having conferred, the parties agree that more time is needed to conduct discovery in light of all of these circumstances, and that there is good cause for a short extension. The parties accordingly ask for a thirty-one (31) day extension of the current deadlines:

- The parties may engage in discovery until April 1, 2026;

- Dispositive Motions: that they be filed and served no later than May 1, 2026;

- Joint Pretrial Order: that it be due on June 1, 2026. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

3

**CONCLUSION**

Based on the foregoing and for good cause appearing, the Parties respectfully request that the Court approve their Stipulation and alter the discovery deadlines as set forth above.

Dated February 9, 2026

Aaron D. Ford
Attorney General

*/s/ Kyle L. Hill*

Kyle L. Hill
Deputy Attorney General

Rene L. Valladares
Federal Public Defender

*/s/ Ryan Norwood*

Ryan Norwood
Assistant Federal Public Defender

IT IS SO ORDERED:

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: 2/10/2026

4